FILED
2019 Feb-15 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRCT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISON

| | |
|---|---|
| **MARGARET BOWLING,** | ) |
| | ) |
|    Plaintiff(s), | ) |
| | ) |
| v. | )   **CIVIL ACTION NO.:** |
| | ) |
| **MAPCO EXPRESS, INC. d/b/a** | ) |
| **MAPCO, et al.** | ) |
| | ) |
|    Defendant(s). | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, identified as "MAPCO Express, Inc. d/b/a MAPCO" (hereinafter "Defendant" or "MAPCO"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff, Margaret Bowling, in Circuit Court of Madison County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice, MAPCO shows the following:

### A. PROCEDURAL BACKGROUND

1.    This case was initially commenced by Plaintiff on January 15, 2019, in the Circuit Court of Madison County, Alabama, Case No. 47-CV-2019-900095. The documents attached as Exhibit "A" constitute all of the process and pleadings served,

received, and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.  Service of process was issued to Defendant MAPCO *via* certified mail on January 15, 2019. [See Exhibit "A," Civil Summons]. Defendant was served with a copy of the Summons and Complaint on January 17, 2019.

3.  This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.  This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.  Promptly after the filing of this Notice, Defendant will file a copy with the Clerk of the Circuit Court of Madison County, Alabama as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6.  Plaintiff is a citizen of the State of Alabama. [Exhibit "A", Complaint, ¶ 1]

7.  MAPCO is a foreign corporation formed under the laws of the State of Delaware and has its principal place of business in the State of Tennessee. (Exhibit A, Complaint ¶ 2; Defendant's Answer ¶ 2, filed contemporaneously herewith).

Thus, for diversity purposes, MAPCO is a citizen of the States of Delaware and Tennessee.

8. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

9. The unanimity requirement for removal, which requires that all defendants consent to the removal has been satisfied. *See Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

### C. AMOUNT IN CONTROVERSY

10. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory and punitive damages. [Exhibit "A", Complaint].

12. The Complaint, which seeks compensatory and punitive damages from Defendant, states in part that Plaintiff was injured and damaged as follows:

- past medical expenses;
- future medical expenses;
- past and future wage loss including permanent impairment of earning capacity;
- permanent physical disability;

- past and future physical pain and mental anguish; and

- other damages allowed by law.

[Exhibit "A", Complaint, ¶¶ 11 (a) through (f)].

13. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness and seeking damages as described above, establishes the requisite amount in controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under current Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

14. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

15. Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

16. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id.* at 1061 (*quoting Pretka*, 608 F.3d at 754 (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little since to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-62 (*quoting Pretka*, 608 F.3d at 754).

17. Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met if a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.¸* 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *see also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.¸* 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

18. MAPCO denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint.

19. Based upon the foregoing, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. **TIMELINESS**

20. The removal is filed within thirty (30) days from when the last Defendant, MAPCO, was served with the Summons and Complaint, and less than one year from when the action was original commenced, and is therefore timely. 28 U.S.C. § 1446(b).  *See Bailey v. Janssen Pharmaceutical, Inc.,* 536 F.3d 1202, 1205 (11th Cir. 2008).

## E. **CONCLUSION**

21. MAPCO has satisfied all procedural requirements with respect to timing, diversity of citizenship, and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 15th day of February, 2019.


/s/ Virginia F. Gambacurta
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
HANNAH R. DARBY (ASB-1406-q44g)
Attorneys for Defendant


**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  vgambacurta@carrallison.com
            hdarby@carrallison.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 15th day of February, 2019, I have served a copy of the above and foregoing on counsel for all parties by:

  \_\_\_\_\_Facsimile transmission;
  \_\_\_\_\_Hand Delivery;
  \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
  __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Tammy Smith, Esq.
Wettermark & Keith LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL  35243
tsmith@wkfirm.com


      /s/ Virginia F. Gambacurta
      OF COUNSEL