EXHIBIT A

DOCUMENT 1

ELECTRONICALLY FILED
1/15/2019 10:20 AM
47-CV-2019-900095.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>47<br><br>Date of Filing:<br>01/15/2019     Judge Code: |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### MARGARET BOWLING v. MAPCO EXPRESS INC.

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| ☐ WDEA - Wrongful Death | ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br> Enforcement of Agency Subpoena/Petition to Preserve |
| ☑ TONG - Negligence: General | ☐ CVRT - Civil Rights |
| ☐ TOMV - Negligence: Motor Vehicle | ☐ COND - Condemnation/Eminent Domain/Right-of-Way |
| ☐ TOWA - Wantonness | ☐ CTMP - Contempt of Court |
| ☐ TOPL - Product Liability/AEMLD | ☐ CONT - Contract/Ejectment/Writ of Seizure |
| ☐ TOMM - Malpractice-Medical | ☐ TOCN - Conversion |
| ☐ TOLM - Malpractice-Legal | ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br> Injunction Election Contest/Quiet Title/Sale For Division |
| ☐ TOOM - Malpractice-Other | ☐ CVUD - Eviction Appeal/Unlawful Detainer |
| ☐ TBFM - Fraud/Bad Faith/Misrepresentation | ☐ FORJ - Foreign Judgment |
| ☐ TOXX - Other: _____ | ☐ FORF - Fruits of Crime Forfeiture |
| | ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| **TORTS: PERSONAL INJURY** | ☐ PFAB - Protection From Abuse |
| ☐ TOPE - Personal Property | ☐ EPFA - Elder Protection From Abuse |
| ☐ TORE - Real Property | ☐ FELA - Railroad/Seaman (FELA) |
| | ☐ RPRO - Real Property |
| **OTHER CIVIL FILINGS** | ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ ABAN - Abandoned Automobile | ☐ COMP - Workers' Compensation |
| ☐ ACCT - Account & Nonmortgage | ☐ CVXX - Miscellaneous Circuit Civil Case |
| ☐ APAA - Administrative Agency Appeal | |
| ☐ ADPA - Administrative Procedure Act | |
| ☐ ANPS - Adults in Need of Protective Services | |

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM<br>DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO      Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SMI303 | 1/15/2019 10:20:12 AM | /s/ TAMMY MELISSA SMITH MS. |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
1/15/2019 10:20 AM
47-CV-2019-900095.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MARGARET BOWLING,     )
             )
             )
   **Plaintiff,**     )
             )
**v.**            )
             )
MAPCO EXPRESS, INC. d/b/a MAPCO, a )
corporation; ABC, being the person, firm or )
corporation which owned, operated, or  ) CIVIL ACTION NO. _____
controlled MAPCO at 2209 Winchester Rd. )
NE in Huntsville, Alabama on June 7, 2017; )
DEF, being the person, firm, or corporation )
who was responsible for maintaining and )
keeping the premises of MAPCO at 2209 )
Winchester Rd. NE in Huntsville, Alabama )
free of debris and tripping or slipping  )
hazards at the time of the Plaintiff's injury; )
and GHI, being the individual manager or )
supervisory person at the MAPCO at 2209 )
Winchester Rd. NE in Huntsville, Alabama )
who was responsible for maintaining and )
keeping the premises free of slipping and )
tripping hazards at the time of the Plaintiff's )
injury, whose  whose true names and legal )
status are unknown to the Plaintiff at this )
time, but who will be added by amendment as )
soon as ascertained,      )
             )
   **Defendants.**     )
             )

## COMPLAINT

## I. PARTIES

1. The Plaintiff, Margaret Bowling, is an individual resident of Cullman County, Alabama.

2. The Defendant, MAPCO Express Inc. d/b/a MAPCO, is a foreign corporation which

DOCUMENT 2

does business in Madison County, Alabama.

3.     The incident which forms the basis of this case occurred at the MAPCO gas station in Madison County, Alabama.

4.     It is the information and belief of the Plaintiff that the fictitious Defendants ABC, DEF and GHI are individual citizens and residents of the State of Alabama and Madison County, Alabama.

## II.  FACTS

5.     On or about June 7, 2017, the Plaintiff, Margaret Bowling, was a business invitee on the premises of MAPCO at 2209 Winchester Rd. NE in Huntsville, Alabama.  As Ms. Bowling was walking in the store, she was caused to slip and fall on multiple occasions due to excessive water that was left on the floor by a MAPCO employee who was mopping. As a direct and proximate result, she was caused to sustain severe and permanent injuries to and about her body, including but not limited to a concussion and injury to her leg.

## III.  FIRST CAUSE OF ACTION
### (MAPCO Express Inc. d/b/a MAPCO and ABC)

6.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant, MAPCO Express Inc. d/b/a MAPCO, and/or Defendant ABC and/or their agents, servants, or employees while acting within the line and scope of their employment for the Defendants.

7.     At the time of the incident which is the subject of this action, Ms. Bowling was a business invitee on the premises of MAPCO at 2209 Winchester Rd. NE in Huntsville, Alabama. All of her injuries and damages were caused by the negligent failure of the Defendant, MAPCO

DOCUMENT 2

Express Inc. d/b/a MAPCO, and/or Defendant ABC to use reasonable care to provide her with a reasonably safe environment.

## IV.  SECOND CAUSE OF ACTION
### (Defendant DEF)

8.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant, DEF, and its agents, servants, or employees while acting within the line and scope of their employment for the Defendant, DEF.

9.     At the time of the incident which is the subject of this action, Ms. Bowling was a business invitee on the premises of DEF of MAPCO at 2209 Winchester Rd. NE in Huntsville, Alabama.  All of her injuries and damages were caused by the negligent failure of the Defendant, DEF, to use reasonable care to provide her with a reasonably safe environment.

## V.  THIRD CAUSE OF ACTION
### (Defendant GHI)

10.     The Plaintiff avers that all of her injuries and damages were proximately caused by the negligence and/or wantonness of the Defendant, GHI.

## VI.  DAMAGES

11.     As a result of the negligence of the Defendants, the Plaintiff suffered and seeks to recover for the following injuries and damages:

(a)     Past medical expenses;

(b)     Future medical expenses;

(c)     Past and future wage loss including permanent impairment of earning capacity;

(d)     Permanent physical disability;

3

(e)     Past and future physical pain and mental anguish; and

(f)     Other damages allowed by law.

12.     As damages, the Plaintiff seeks fair and reasonable compensation which Plaintiff

anticipates to exceed the jurisdictional minimums of this Court.

## VII.  JURY DEMAND

13.     The Plaintiff demands trial by jury.

_/s/ Tammy Smith_____
TAMMY SMITH (SMI303)
Attorney for Plaintiff

**OF COUNSEL:**

**WETTERMARK & KEITH, LLC**
3595 Grandview Parkway, suite 350
Birmingham, AL 35243
(205) 933-9500
(205) 212-9500-facsimile

**PETITIONER'S ADDRESS:**
163 County Rd. 1402
Cullman, AL 35058

**Mapco may be served by certified mail as follows:**
MAPCO Express Inc.
c/o Richard Gill, Esq.
Copeland Franco
444 S. Perry St.
Montgomery, AL 36104-4236

## PLEASE SERVE THE ATTACHED DISCOVERY WITH THE COMPLAINT

4

DOCUMENT 3

ELECTRONICALLY FILED
1/15/2019 10:20 AM
47-CV-2019-900095.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MARGARET BOWLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO._____ |
| | ) | |
| MAPCO EXPRESS INC. d/b/a MAPCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES
### TO DEFENDANT MAPCO

COMES NOW the Plaintiff, Margaret Bowling, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following interrogatories to Defendant MAPCO to be answered within forty five (45) days from the date of service:

1.      Please state the full name, address, job title, and present employer of each person answering and assisting in answering these interrogatories on behalf of this defendant.

**RESPONSE:**

2.      State the name and address of the owner of the MAPCO located at 2209 Winchester Rd. NE in Huntsville, Alabama.

**RESPONSE:**

3.      State the name and address of the person or entity in exclusive possession and/or control of the MAPCO located at 2209 Winchester Rd. NE in Huntsville, Alabama on June 7, 2017, at the time of the incident in question.

**RESPONSE:**

4.      State the name and address of the person or entity in control of that area of the premises where the incident in question occurred at the time of the occurrence.

DOCUMENT 3

**RESPONSE:**

5.      State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**RESPONSE:**

6.      State the name, address, and telephone number of any persons who witnessed the occurrence in question.

**RESPONSE:**

7.      State the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**

8.      Please state whether you have a copy of any statement which the plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody, or control.

For the purpose of this question, a statement previously made includes (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and  contemporaneously recorded.

**RESPONSE:**

9.      Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

DOCUMENT 3

**RESPONSE:**

10.     Describe in your own words how the incident made the basis of this suit occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**RESPONSE:**

11.     Describe in detail any conversations you have had with the plaintiff or plaintiff's representative following the incident in question.

**RESPONSE:**

12.     State the full name, current address, telephone number, qualifications, and present employment of each person who you expect to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

**RESPONSE:**

13.     Please describe in detail any previous incidents of which the defendant is aware which occurred in substantially the same way as the plaintiff's accident or in the same or nearby location during the previous ten (10) years.

**RESPONSE:**

14.     Please describe in detail any changes that have been made by the defendant in the physical site of the accident or to the warnings or signs relating thereto since the occurrence in question.

**RESPONSE:**

DOCUMENT 3

15.     If you have entered into or reached any type of settlement agreement with any person or entity (whether a party to this lawsuit or not) regarding the incident made the basis of this lawsuit, please identify all parties to said settlement agreement and the terms and conditions of such settlement agreement.

**RESPONSE:**

16.     Did the defendant conduct an investigation of the incident which forms the basis of this suit?

**RESPONSE:**

17.     Is it, or was it at the time of the accident made the basis of this lawsuit, the regular course of business and standard procedure for the defendant to investigate any accident on the premises wherein somebody was injured?

**RESPONSE:**

18.     If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**RESPONSE:**

19.     Please state the name of the person or persons who conducted the investigation of the occurrence in question.

**RESPONSE:**

20.     What is the defendant's contention as to the cause of the accident which forms the basis of this suit?

**RESPONSE:**

DOCUMENT 3

21.    If you contend that the plaintiff was not a business invitee at the time of the occurrence in question, please state and describe each fact, document or thing on which you base such a contention.

**RESPONSE:**

22.    When was the date and time of the last inspection by defendant, its agents or employees, of the physical site where this accident occurred?

**RESPONSE:**

23.    Please state whether the defendant was aware of the defect or condition which plaintiff alleges to be the cause of the occurrence in question.

**RESPONSE:**

24.    Describe what efforts the defendant made to warn of the condition or defect which plaintiff alleges to be the location and cause of the occurrence in question.

**RESPONSE:**

25.    What is the defendant's contention as to the plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the plaintiff alleges to be the cause of the occurrence in question?

**RESPONSE:**

26.    Please describe any claims or lawsuits that have heretofore been brought against this defendant by reason of an accident or injury at the same or similar location, or a similar type of accident on the defendant's premises at some other location.

**RESPONSE:**

27.    What efforts were made by the defendant to correct the condition or defect, which plaintiff contends caused the occurrence in question, before the accident in question?

DOCUMENT 3

**RESPONSE:**

28.     What efforts were made by the defendant to correct the condition or defect, which plaintiff contends cause the occurrence in question, after the accident in question?

**RESPONSE:**

29.     If the defendant corrected, repaired or fixed in any way the defect or condition which the plaintiff alleges to have been the cause of the accident in question, please state what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

**RESPONSE:**

30.     Does the defendant contend that the plaintiff consumed alcoholic beverages or drugs at the time of or immediately preceding the time of the accident?

**RESPONSE:**

31.     What does the defendant contend to be the condition of the premises on the occasion in question with respect to:

(a)     lighting;
(b)     repair and maintenance;
(c)     visibility;
(d)     slipperiness of walking surface;
(e)     dampness; and
(f)     physical obstructions.

**RESPONSE:**

32.     Did the defendant have any procedures for regular inspection of the premises at the time of the occurrence in question?  If so, please describe.

**RESPONSE:**

33.     Please identify all photographs, motion pictures, video TV recordings, maps,

DOCUMENT 3

drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of the events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**RESPONSE:**

34.    Please state the name and address of each employee on duty at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

35.    Please list the names and addresses of all managers or persons having supervisory authority at the MAPCO located at 2209 Winchester Rd. NE in Huntsville, Alabama, on the date of the occurrence made the basis of this suit, regardless of whether he/she was on duty at the time of the accident made the basis of this suit.

**RESPONSE:**

36.    Please describe what training procedures, if any, are followed in the course of training of the defendant's employees with regard to customers' slipping and/or falling. This includes any and all written material, slides, photographs, films, videotapes, etc. which defendant utilizes in training its employees.

**RESPONSE:**

37.    If a report was made by an employee of defendant in the ordinary course of business with respect to plaintiff's accident, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

**RESPONSE:**

Respectfully submitted,

/s/ Tammy Smith
TAMMY SMITH (SMI303)
Attorney for Plaintiff

**OF COUNSEL:**
**WETTERMARK & KEITH LLC**
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone:      (205) 933-9500
Facsimile:      (205)977-3431
Email: tsmith@wkfirm.com

**PLEASE SERVE WITH SUMMONS & COMPLAINT**

DOCUMENT 4

ELECTRONICALLY FILED
1/15/2019 10:20 AM
47-CV-2019-900095.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MARGARET BOWLING,          )
                                       )

          Plaintiff,         )
                                       )

v.                               )     CIVIL ACTION NO._____
                                       )

MAPCO EXPRESS INC. d/b/a MAPCO, et al.,  )
                                       )

          Defendants.       )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT MAPCO

    COMES NOW the Plaintiff, Margaret Bowling, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and requests the Defendant, MAPCO, to produce, or make available for inspection and copying the following documents within forty five (45) days from the date of service:

    1.    A copy of any surveillance movies or photographs which have been made of Plaintiff, including but not limited to a complete copy of all videos from the store's video surveillance system from multiple cameras.

    **RESPONSE:**

    2.    Contracts between defendant and any maintenance and/or repair service in effect at the time of the Plaintiff's injury, and for the year immediately preceding the Plaintiff's injury.

    **RESPONSE:**

    3.    Any indemnity agreement between any party to this lawsuit and any nonparty which is relevant to the accident and injuries made the basis of this suit.

    **RESPONSE:**

    4.    Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair,

and service of the gas station in question, including but not limited to procedures for mopping the store.

**RESPONSE:**

5.      Any and all photographs that the defendant has of the scene of accident or the resulting injuries to the Plaintiff.

**RESPONSE:**

6.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

7.      Copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**RESPONSE:**

8.      Any and all drawings, maps, or sketches of the scene of the accident made the basis of this lawsuit.

**RESPONSE:**

9.      Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

**RESPONSE:**

2

DOCUMENT 4

10.    Copies of reports of any and all similar accidents prepared by any and all employees of the gas station in question for the ten (10) year period prior to the accident made the basis of this lawsuit up to and through the present date.

**RESPONSE:**

11.    Any and all expert reports that were or will be reviewed by a testifying expert in this case.

**RESPONSE:**

12.    Any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert.

**RESPONSE:**

13.    Any and all work papers, notes, and/or documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert in this case.

**RESPONSE:**

14.    All documents or tangible things prepared by an expert whom you expect to call as a witness, including, but not limited to, any report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:**

15.    Any treatises and/or authoritative literature on which any expert intends to rely in his testimony in this case.

**RESPONSE:**

16.    A current copy of the curriculum vitae or resume of any expert who may be called to

3

DOCUMENT 4

testify at trial.

**RESPONSE:**

17.     All materials including, but not limited to, employee manuals, memoranda, and/or correspondence pertaining to safety rules and/or regulations to be followed by the employees of the defendant to ensure customer safety in the defendant's store.

**RESPONSE:**

18.     All documents pertaining to maintaining clean walkways and floors in the defendant's store.

**RESPONSE:**

19.     All site inspection reports or other documents relating to observation of site cleanliness and/or safety of the area in which the Plaintiff was injured, by any person or entity, including each individual  defendant, for the gas station in question, for a period of one year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

20.     Copies of any and all documentation for the area in which the Plaintiff was injured, including, but not limited to, cleanup orders, log books, journals, and service orders relating to the cleaning and maintenance, which set forth all requests for cleaning and verification that each cleaning request was completed, including the name of the employee who requested the work and the name of the person who carried out the cleaning on the date of the accident made the basis of this lawsuit, for a period of one year prior to, and all dates subsequent to, the date of the accident made the basis of this lawsuit.

**RESPONSE:**

4

DOCUMENT 4

21.     Produce any documents, reports, or other written records pertaining to any investigation that is not privileged. If there are documents, reports, or other written records pertaining to any investigation that is privileged, please produce a privilege log.

**RESPONSE:**

22.     Any and all books, documents, photographs, or other tangible things which may be used at the time of the trial, which may have any bearing on this cause of action.

**RESPONSE:**

23.     Any and all documents and/or tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**RESPONSE:**


Respectfully submitted,

/s/ Tammy Smith
TAMMY SMITH (SMI303)
Attorney for Plaintiff


**OF COUNSEL:**
**WETTERMARK & KEITH LLC**
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
Telephone:     (205) 933-9500
Facsimile:      (205)977-3431
Email: tsmith@wkfirm.com


**PLEASE SERVE WITH SUMMONS & COMPLAINT**



AlaFile E-Notice

47-CV-2019-900095.00

To:   TAMMY MELISSA SMITH MS.
      tsmith@wkfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MARGARET BOWLING V. MAPCO EXPRESS INC.
47-CV-2019-900095.00

The following complaint was FILED on 1/15/2019 10:20:43 AM

Notice Date:      1/15/2019 10:20:43 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390



AlaFile E-Notice

47-CV-2019-900095.00

To:  MAPCO EXPRESS INC.
     C/O RICHARD GILL, ESQ
     444 SOUTH PERRY STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

MARGARET BOWLING V. MAPCO EXPRESS INC.
47-CV-2019-900095.00

The following complaint was FILED on 1/15/2019 10:20:43 AM

Notice Date:     1/15/2019 10:20:43 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>47-CV-2019-900095.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### MARGARET BOWLING V. MAPCO EXPRESS INC.

**NOTICE TO:** MAPCO EXPRESS INC., C/O RICHARD GILL, ESQ 444 SOUTH PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TAMMY MELISSA SMITH MS.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3595 GRANDVIEW PARKWAY, BIRMINGHAM, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARGARET BOWLING
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 1/15/2019 10:20:43 AM | /s/ DEBRA KIZER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　　/s/ TAMMY MELISSA SMITH MS.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*　　　　*(Name of County)*

Alabama on _____.

*(Date)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Server's Printed Name)*

_____
*(Address of Server)*

_____
*(Phone Number of Server)*

DOCUMENT 7

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2019-900095.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**MARGARET BOWLING V. MAPCO EXPRESS INC.**

NOTICE TO: MAPCO EXPRESS INC., C/O RICHARD GILL, ESQ 444 SOUTH PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TAMMY MELISSA SMITH MS.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3595 GRANDVIEW PARKWAY, BIRMINGHAM, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MARGARET BOWLING pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

1/15/2019 10:20:43 AM           /s/ DEBRA KIZER           By: mm
*(Date)*                        *(Signature of Clerk)*        *(Name)*

☑ Certified Mail is hereby requested.       /s/ TAMMY MELISSA SMITH MS.
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of this Summons and _____

_____ in

Alabama on _____

*(Name of Person Served)*

*(Date)*

_____

*(Type of Process Server)*        *(Server's Signature)*

_____

*(Server's Printed Name)*

**47-CV-2019-90009**
MARGARET BOWLING V. MAPCO

C001 - MARGARET BOWLING          v.
*(Plaintiff)*

7018 1830 0000 8842 1528

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®

PS Form 3800, April 2015 PSN 7530-02-000-9047
See Reverse for Instructions

**SERVICE RETURN COPY**